IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LISA FRANKLIN,                          07-CV-1667-PK

    Plaintiff,                    ORDER

v.

NIKE, INC., an Oregon
Corporation,

    Defendant.

BROWN, Judge.

    Magistrate Judge Paul Papak issued Findings and Recommendation (#67) on November 13, 2009, in which he recommended the Court grant Defendant Nike, Inc.'s Motion (#40) for Summary Judgment as to each of Plaintiff's claims. Plaintiff Lisa Franklin filed timely Objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

1 - ORDER

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

### BACKGROUND

On August 24, 2009, Plaintiff filed her Amended Complaint seeking redress for adverse employment actions that Defendant allegedly took against Plaintiff. Plaintiff alleges Defendant's actions constitute unlawful discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Title VII).

Plaintiff asserts three claims against Defendant: (1) unlawful racial discrimination on the basis of disparate treatment and hostile work environment, (2) unlawful gender discrimination on the basis of disparate treatment and hostile work environment, and (3) unlawful retaliation against Plaintiff for engaging in protected activity under Title VII.

On September 30, 2009, Defendant filed its Motion for Summary Judgment as to each of Plaintiff's claims.

On November 13, 2009, Magistrate Judge Papak issued Findings and Recommendation in which he recommends the Court grant Defendant's Motion for Summary Judgment as to each of Plaintiff's

claims.  Specifically, the Magistrate found:

1. Plaintiff is judicially estopped from raising claims based on adverse actions that occurred before December 2006 because she failed to disclose known claims against Defendant on her bankruptcy petition.  Plaintiff's debt was discharged in bankruptcy in December 2006.  The Magistrate Judge found Plaintiff's first two claims against Defendant arising from an alleged hostile work environment were based entirely on comments made and actions taken by her managers before September 2006, and, therefore, Plaintiff is estopped from bringing those claims.  Plaintiff, however, is not judicially estopped from asserting her disparate-treatment claim for racial discrimination or from asserting her claim for gender discrimination based on actions that Defendant allegedly took after December 2006.  Plaintiff also is not judicially estopped from asserting her claim based on retaliation that allegedly occurred after December 2006, including her termination in July 2007.

2. Plaintiff's racial discrimination claim based on disparate treatment is barred because it is untimely.  Plaintiff submitted her first complaint of racial discrimination to the Equal Employment Opportunity Commission on December 30, 2007, and it was received by the EEOC on January 10, 2008.  The Magistrate Judge found Plaintiff's allegations of

3 - ORDER

     disparate treatment based on race were limited to actions taken against her by her managers before 2007, and, therefore, the Magistrate Judge found Plaintiff's claim of racial discrimination on the basis of disparate treatment is time-barred by the 180-day limitations period. The Magistrate Judge, therefore, recommends the Court grant Defendant's Motion as to Plaintiff's claim of disparate treatment based on race.

3. Assuming without deciding that Plaintiff stated a *prima facie* claim of gender discrimination based on disparate treatment, the Magistrate Judge found Plaintiff did not proffer sufficient evidence to raise a triable issue of fact that Defendant's reasons were, in fact, a pretext for gender discrimination. In fact, Plaintiff admitted that she committed many of the policy infractions asserted by Defendant as the basis for her termination. Thus, the Magistrate Judge recommends the Court grant Defendant's Motion as to Plaintiff's claim for gender discrimination based on disparate treatment.

4. The Magistrate Judge also recommends this Court grant Defendant's Motion with respect to Plaintiff's claim for retaliation. The Magistrate Judge assumed without deciding that Plaintiff stated a *prima facie* claim of unlawful retaliation. The Magistrate Judge, however, found Defendant

articulated legitimate bases for their adverse-employment actions against Plaintiff, and Plaintiff, as noted, has admitted she violated a number of Defendant's policies. The Magistrate Judge found Plaintiff did not proffer sufficient evidence to raise a triable issue of fact that Defendant's reasons were, in fact, a pretext for retaliation against Plaintiff for engaging in protected activity.

Plaintiff filed timely objections to the Findings and Recommendation on December 15, 2009, and Defendant filed its Response on December 21, 2009.

## DISCUSSION

Plaintiff objects to the following parts of the Findings and Recommendation: (1) the Magistrate Judge's finding that Plaintiff did not provide sufficient evidence to show that Defendant treated other similarly situated employees differently; (2) the Magistrate Judge's finding that Plaintiff testified she did not make up time she missed when she came in late to work; and (3) the Magistrate Judge's finding that Plaintiff's Declaration is inconsistent with her deposition testimony. Thus, Plaintiff contends if the Court properly considered these additional facts, the Court would find a genuine issue of material fact exists as to each of her claims. Plaintiff, however, did not object to the Magistrate Judge's application of

5 - ORDER

judicial estoppel to bar her claims for hostile work environment. Plaintiff also did not object to the Magistrate Judge's conclusion that her racial discrimination claim based on disparate treatment is time-barred. Thus, the Court reviews Plaintiff's Objections to the Findings and Recommendation in light of Plaintiff's remaining claims for unlawful gender discrimination based on disparate treatment and retaliation for engaging in protected conduct.

**I.    Gender Discrimination.**

    **A.    Plaintiff's lack of evidence showing disparate treatment.**

Plaintiff reiterates the argument she made in her Response to Defendant's Motion for Summary Judgment that she was held to a different standard than male employees with respect to Defendant's attendance policies. Plaintiff merely repeats her interpretation of Defendant's policies as flexible and does not offer any additional evidence or citation to the summary-judgment record beyond her own assertions[1] that Defendant enforced those policies differently with respect to Defendant's male employees.

As noted, the Magistrate Judge concluded Plaintiff is

---

[1] Plaintiff references a "LaHaie Dec" in her Response to Defendant's Motion for Summary Judgment to support her contention that Defendant disparately enforced its attendance policies. Defendant noted in its Reply that the record does not contain a "LaHaie Dec," and Defendant appears to be correct. In any event, Plaintiff neither challenges Defendant's assertion nor refers to the purported LaHaie Dec in her Objections.

6 - ORDER

judicially estopped from raising claims of disparate treatment before December 2006 because of her failure to disclose such claims during her bankruptcy proceedings. Plaintiff does not assert Sonja Reynolds, the supervisor who took the place of Plaintiff's former manager Pete Simmons in late 2006, discriminated against Plaintiff on the basis of her gender.

The Court has reviewed the record *de novo* and does not find any basis to modify the Findings and Recommendation.

**B.    Plaintiff's failure to make up missed time at work.**

Plaintiff objects to the Magistrate Judge's finding that Plaintiff testified "most of the time she did not make up the time when she came in late." Findings and Recommendation at 5. Plaintiff contends she stated "exactly the opposite--she marked times on her time card when she was unable to come to work on-time by a significant amount (one hour or more) and used [Paid Time Off (PTO)]." In fact, Plaintiff contends she complied with Defendant's policy that allowed her to take PTO in lieu of making up time for arriving late to work.

At deposition, however, Plaintiff testified as follows:

> Q. So whenever you were late you made up the time?
>
> A. I didn't make the time up.
>
> Q. You did or did not?
>
> A. I – this is what we had to do. Within Customer Service, within – I think it was 10 or 15 minutes, if you were 15 minutes late,

7 - ORDER

>            you could take that 15 minutes and make it up
>            within - say, before lunch or after lunch,
>            but no more time.  You couldn't make up an
>            hour, two hours, three hours; anything like
>            that.  You would have to use your PTO time
>            for that.
>
>            Q. Okay.  So did you make up the time when
>            you were tardy that fit within that policy?
>
>            A. Most of the time, no.
>
>            Q. You did not?
>
>            A. I would mark it as late, and I would get
>            dinged.

Plaintiff stated three times that she did not make up time when she was tardy and that she took PTO on occasions when she was late an hour or more.

Moreover, as Defendant points out, Plaintiff does not dispute that she admitted a number of other policy violations that are in the records submitted by Defendant in support of its Motion, in Plaintiff's Response to Defendant's Concise Statement of Material Facts, and as summarized by the Magistrate Judge in the Findings and Recommendation.  Thus, even if the Magistrate Judge had erred with respect to Plaintiff's compliance with Defendant's late-to-work policies, Defendant has shown other legitimate bases existed for taking adverse employment actions against Plaintiff that she has not established were merely pretextual.

In summary, the Court concludes on this record that the Magistrate Judge did not err when he found Plaintiff did not

8 - ORDER

provide sufficient evidence to show a genuine issue of material fact exists that Defendant's proffered reasons for terminating Plaintiff were merely pretext for gender discrimination.

**II.  Retaliation.**

Plaintiff also contends the Magistrate Judge erred when he found a portion of Plaintiff's Declaration to be inconsistent with her deposition testimony and refused to consider that portion of her Declaration with respect to her retaliation claim. The Magistrate Judge found Plaintiff's statement in her Declaration that her then-supervisor Pete Simmons "confronted" and "vehemently challenged" her accusation that he had discriminated against Plaintiff on the basis of her race after she complained to Lee Bercot, a human resources manager.  The Magistrate Judge found Plaintiff did not state in her deposition that such a confrontation took place despite her testimony at deposition that she had recounted all of the facts related to her retaliation claim.

Nevertheless, Plaintiff asserts in her Objections that her Declaration and deposition testimony are consistent. Specifically, Plaintiff cites a portion of her deposition in which she recounts a "heated" conversation between herself and Simmons.  According to Plaintiff's deposition testimony, however, that confrontation took place as a result of Plaintiff's complaint to Simmons's superior, Gordon Barrett, that Simmons had

9 - ORDER

allegedly given employees instructions to manipulate their time cards.  Plaintiff did not make any mention at deposition of a reaction by Simmons to her allegation of race discrimination made to Bercot, and, as noted, her testimony in her Declaration to that effect is inconsistent with her deposition testimony that she had recounted all of the facts relating to her retaliation claim.  Thus, the Court concludes the Magistrate Judge did not err when he disregarded that portion of Plaintiff's Declaration.

In summary, this Court has carefully considered Plaintiffs' Objections and concludes they do not provide a basis to modify the Findings and Recommendation.  The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

Based on the foregoing, the Court **ADOPTS** Magistrate Judge Papak's Findings and Recommendation (#67) and, accordingly, **GRANTS** Defendant's Motion (#40) for Summary Judgment and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 9th day of March, 2010.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

10 - ORDER