FILED
JUN 01 2010

UNITED STATES DISTRICT COURT

THE DISTRICT OF OREGON

| | |
|---|---|
| **LISA FRANKLIN,** | Case No. 07-CV-1667 |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **NIKE, INC.,** an Oregon Corporation, | |
| Defendant. | |

PAPAK, Magistrate Judge:

This matter is before the court on plaintiff Lisa Franklin's objections to Defendant's Bill of Costs (#78). For the reasons set forth below, Nike, Inc., is awarded $2,666.12 as costs.

### BACKGROUND

On March 9, 2010, Judge Brown adopted this court's Findings and Recommendation, and granted Nike's Motion for Summary Judgment. On March 11, 2010 Judge Brown entered judgment dismissing the case. Nike timely filed it's Bill of Costs on March 17, 2010. Nike seeks costs totaling $3,746.12. Specifically, Nike seeks costs for copying charges, witness travel expenses, and deposition costs.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "unless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates a presumption for awarding costs to the prevailing party. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). A district court must specify reasons for its refusal to delegate costs to a losing party. *Id.* The court, however, has no affirmative duty to give reasons for granting costs, and instead it only needs to find that the reasons for denying the costs are not sufficiently persuasive to overcome the presumption in favor of awarding costs. *Id.*

Title 28 U.S.C. § 1920 enumerates the costs that a federal court may tax under Rule 54(d). *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995). Although a district court has broad discretionary power to allow or disallow a party to recoup the ordinary costs of litigation, the court may not award costs beyond those enumerated in § 1920. *Maxwell v. Hapag-Lloyd Akteingesellschaft*, 862 F.2d 767, 770 (9th Cir. 1988). Courts are free, however, to construe the meaning and scope of the enumerated taxable costs within § 1920. *Aflex Corp. v. Underwriters Lab., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990).

## DISCUSSION

Title 28 U.S.C. § 1920 states that a judge or clerk may tax the following costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use of the case; (5) docket fees, and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. In the present case, Nike has submitted a Bill of Costs for copy charges, costs associated with witness transportation fees, and costs associated with the deposition transcripts of Lee Bercot and Lisa Franklin. Franklin timely objected to Nike's Bill of Costs.

### A. Verification Requirement:

Local Rule 54(a)(2) requires that the party seeking reimbursement verify the Bill of Costs in accordance with 28 U.S.C. § 1924. Pursuant to 28 U.S.C. § 1924, the party claiming reimbursement costs must attach an affidavit confirming that the items listed are correct and have been necessarily incurred in the case. In the present case, Nike attached the required affidavit.

### B. Copy Charges:

Title 28 U.S.C. § 1920(4) allows the prevailing party to recoup the costs of making copies necessarily obtained for use in the case. Costs associated with copies produced to opposing parties in discovery or submitted to the court are recoverable. *Arboireau v. Adidas Salomon AG*, No. 01-105, 2002 WL 31466564 at *6-7 (D. Or. Mar. 19, 2002). A copied document is not specifically required to be entered into the record to be an allowable cost. *Haagen-Dazs v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1998). Scanned documents submitted electronically are included in taxable copying costs. *El Dorado Irrigation Dist. v. Traylor Bros., Inc.*, No. 03-949 2007 WL 512428 at *10 (E.D. Cal. Feb. 12, 2007).

In the present case, Nike seeks reimbursement for costs related to copies of subpoenaed documents from the Oregon Health Sciences University and copies of summary judgment materials produced to the plaintiff and submitted to the court. Nike has provided sufficient rationale for why these charges were reasonably necessary. The amount of copies made and the costs requested do not appear unreasonable in relation to their designated purpose. I therefore conclude that Nike may recover the entire $173.82 it seeks in copying costs.

### C. Witness Mileage Fee:

Title 28 U.S.C. § 1920(3) allows the taxation of reasonably necessary costs associated with witness travel. *World Triathalon Corp. v. Dunbar*, 539 F. Supp. 2d 1270, 1289 (D. Haw. 2008). The court is authorized to reimburse a witness for all reasonable travel expenses. *Estate of Le Blanc v. City of Lindsay*, No. 04-5971, 2007 WL 2900515, at *2 (E.D. Cal. Sept. 28, 2007). Title 28 U.S.C. § 1821 states

that a witness who uses a privately owned vehicle for transportation can be reimbursed for their mileage and parking expenses, through Title 28 U.S.C. § 1920.

Here, Nike has included the mileage fees associated with a subpoena duces tecum to Shilo Management Corporation and Macy's Retail Holdings for a total of $132.00. The mileage fee of $46.00 for Shilo Management Corporation is reasonable taking into account travel and parking expenses. The increased $86.00 mileage costs associated with Macy's Retail Holdings also is reasonable due to the increased travel from their Salem location. I therefore conclude that Nike may recover the full $132.00 requested for witness mileage expenses.

### D. Deposition Costs:

Under 28 U.S.C. § 1920(2), the court may tax as costs fees for printed or electronically recorded transcripts necessarily obtained for use in the case. Although § 1920 does not explicitly state that a party may recoup the cost of a video deposition, several courts have awarded costs under 28 U.S.C. § 1920(2) for both a videotaped and a stenographic transcript of the deposition where both were reasonably necessary for the litigation. *McCallum v. Boise Cascade, LLC*, No. 06-1834, 2008 WL 5111122 at *2 (D. Or. Nov. 26, 2008). In *Tilton v. Capital Cities/ABC, Inc.*, for example, the Tenth Circuit found that video depositions were taxable under § 1920(2). *Titlon v. Capital Cities/ABC, Inc.*, 115 F3d 1471, 1478 (10th Cir. 1997). The court interpreted § 1920(2) in conjunction with FRCP 30(b)(2)-(3), which authorizes video deposition as an alternative to traditional stenographic deposition, and found that § 1920(2) implicitly permits taxation of video depositions. *Id.* The court may be justified to tax both the stenographic and video deposition if the party presented the video deposition at trial. *Adidas America Inc. v. Payless Shoesource Inc.*, No. 01-1655, 2009 WL 302246, at *3 (D. Or. Feb. 9, 2009).

However, courts in this district have disallowed taxing of both video and stenographic deposition costs where only the stenographic deposition was used for summary judgment. *Nederhiser v. Foxworth*, No. 05-787, 2007 WL 1378602, at *2 (D. Or. May 7, 2007). When only the stenographic deposition is used for summary judgment, the party should justify the video deposition beyond the need for duplication

to ensure alternative methods of presentation at trial for the convenience of council. *Id.* In *McCallum v. Boise Cascade, LLC*, for example, the court denied the prevailing party costs for both video and stenographic depositions after summary judgment because they failed to offer any rationale explaining the need for both the video and stenographic depositions. No. 06-CV-1834, 2008 WL 5111122, at *2 (D. Or. Nov. 26, 2008).

In the present case, Nike seeks reimbursement for costs associated with the original transcript, index, and delivery fee for the deposition of Lee Bercot. Nike relied on Bercot's deposition in it's motion for summary judgment, and I accordingly find that the deposition was reasonably necessary for the case. Nike may therefore recover the $311.40 in costs associated with the deposition of Lee Bercot.

Nike also seeks reimbursement for the costs associated with the deposition of plaintiff Lisa Franklin. Franklin objects to the costs related to videography and video synchronization, on the grounds that the court granted summary judgment without use of or reliance on of the video deposition and the claim that acquiring both the stenographic and video deposition was redundant.

I find that Nike has not provided a sufficient rationale as to why the video deposition was necessary. I deny Nike's request for $1,080.00 in costs associated with the video deposition. Therefore, Nike may recover a total of $2,360.30 from the requested $3,440.30 in deposition costs.

///

///

///

///

///

///

///

///

///

## Conclusion:

With the videography costs of $855.00 and the video synchronization cost of $225.00 deducted from the original Bill of Costs filed by Nike for $3,746.12, its total for allowable costs is $2,666.12.

| Copy Costs | Amount: $173.82 |
|---|---|
| Witness Mileage | Amount: $132.00 |
| Deposition Costs | Amount: $2,360.30 |
| Total | Amount: $2,666.12 |

Dated this 1st day of June, 2010.

_/s/ Paul Papak_

Honorable Paul Papak
United States Magistrate Judge